**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| K.MIZRA LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 2:24-CV-00974-JRG |
| NOKIA CORPORATION ET AL., | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

The Court held a Pretrial Conference in the above-captioned case on October 20, 2026 regarding pending pretrial motions, motions in *limine* ("MILs"), and disputed exhibits between Plaintiff K.Mizra LLC ("Plaintiff" or "K.Mizra") and Defendant Nokia Corporation of America ("Defendant" or "Nokia") (collectively, the "Parties") in the above-captioned matter (Dkt. Nos. 125, 135,137, 138, 139, 140, 141, 142, 143, 148, 149, 150, 151, 195, 232, 238, 247, 249, 257). This Order memorializes the Court's rulings on the pretrial motions, MILs, and disputed exhibits as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Plaintiff K.Mizra's Motion To Disqualify and Exclude Nokia's Expert Witness Richard Gitlin (Dkt. No. 135).**

The motion was **DENIED**.

As to the portion of the motion seeking disqualification, after conducting *in camera* review of Plaintiff's materials, the Court found nothing supporting the notion that confidential strategic

material was shared with Dr. Gitlin. At most, background and technical information was shared from Dr. Gitlin to Plaintiff's counsel.

As to the portion of the motion seeking to strike Dr. Gitlin's report, the Court **denied** the motion. The Court finds no basis to strike Dr. Gitlin's report based on Plaintiff's arguments.

2. **Plaintiff K.Mizra's Motion To Disqualify Nokia's Counsel Alston & Bird LLP (Dkt. No. 195).**

The motion was **DENIED**.

3. **Plaintiff K.Mizra's Moton for Hearing regarding Plaintiff's Motion To Disqualify Nokia's Counsel Alston & Bird (Dkt. No. 249).**

The motion was **DENIED AS MOOT** in light of the arguments presented at the Pretrial Conference.

4. **Nokia's Motion for Leave To File Motion To Compel out of Time (Dkt. No. 247).**

The motion was **DENIED**. The Court directed that Defendant could get the sought material from Dr. Gitlin, as Defendant represented it could at the Pretrial Conference.

5. **Nokia's Daubert Motion and Motion To Strike Certain Opinions of Dr. Akl (Dkt. No. 138).**

The motion was **GRANTED IN PART**.

As to the portion of the motion regarding the '880 Patent, the motion was **granted**. The Court struck Dr. Akl's infringement opinion relying on the NSP product.

As to the portion of the motion regarding the '354 patent, the motion was **granted**.

As to the portion of the motion regarding the '249 patent, the motion was **granted**. The Court struck paragraphs 411, 412, 413, and 395 from Dr. Akl's report.

As to the portion regarding EVPN, the motion was **granted in part**. The Court struck Dr. Akl's infringement opinion regarding EVPN, including paragraphs 165, 311, 317, 320, and 321. However, the Court did not strike Dr. Akl's non-infringing alternative opinions regarding EVPN.

As to the portion of the motion regarding Dr. Akl's reliance on Luca Martini, the motion was **denied**.

As to the portion of the motion regarding Dr. Akl's hypothetical claim analysis, the motion was **denied**.

**6. Remaining Motions (Dkt. Nos. 125, 137, 139, 140, 141, 142, 143, 148, 149, 150, 151, 232, 238, 257)**

Following the Court's ruling on Dkt. No. 138, the Parties represented that they agreed that there was no need to proceed with the remainder of the Pretrial Conference because the Parties agree that, in light of the Court's rulings, Plaintiff had no remaining viable theories of infringement it could present to the jury. The Parties requested 21 days to file a joint status report with the Court as to the proper procedural method to enter a final judgment in this case, prior to appeal.

Accordingly, the Court **ORDERS** that the Parties shall file such a joint status report with the Court providing the Parties' positions on how best to proceed. Such report is to be filed no later than November 10, 2026. Given the above, Dkt. Nos. 125, 137, 139, 140, 141, 142, 143, 148, 149, 150, 151, 232, 238, and 257 are **DENIED AS MOOT**.

**So ORDERED and SIGNED this 23rd day of October, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE